NO. 83-397

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

---

IN THE MATTER OF:

L.R.T., R.A.C., T.P.V.
and M.L.B., YOUTHS.

---

Appeal from:  District Court of the Twelfth Judicial District,
In and for the County of Hill
Honorable Chan Ettien, Judge presiding.

Counsel of Record:

    For Appellant:

        Hon. Mike Greely, Attorney General, Helena, Montana
        Ronald W. Smith, County Attorney, Havre, Montana

    For Respondent:

        Hauge, Ober, Hauge and Brown, Havre, Montana (LRT)
        Altman & Lilletvedt, Havre, Montana (RAC)
        Mark A. Suagee, Havre, Montana (MLB)

---

Submitted on briefs: January 5, 1984

Decided: May 7, 1984

Filed: 1984

_Ethel M. Harrison_
Clerk

Mr. Justice Daniel J. Shea delivered the Opinion of the Court.

The State of Montana appeals an order of the Hill County District Court dismissing the State's petition to declare four youths as delinquents. The dismissal was based on section 41-5-516, MCA, as it existed before the 1983 amendments. We affirm.

At the time the petition was filed under the Youth Court Act in June 1983, section 41-5-516, provided a mandatory hearing within 15 days of service of process for youths in custody (subsection 1), and a method by which a continuance could be obtained for youths not in custody, by compliance with the conditions set forth in subsection 2. The youths involved were not in custody and the primary focus is on subsection 2 of this statute.

Based on the youths' motions to dismiss by failure to comply with subsection 2, the trial court ruled that the continuances involved regardless of whether they were obtained on motion of the State or based on the trial court's sua sponte order of continuance, failed to meet the requirements of subsection 2 that the continuances be "in the interests of justice" and that the moving party was "diligent" in pursuing the matter before asking for the continuance.

Section 41-5-516(2), permitting a continuance under certain limitations and conditions where the youths are not in custody, is the primary focus of this appeal. It provides:

> "The youth court may, upon motion of either party or upon the court's own motion, order a continuance if the youth is not in custody and interests of justice so require. All motions for a continuance

- 2 -

are addressed to the discretion of the youth court judge and must be considered in the light of the diligence shown on the part of the movant."

The basis for the juvenile delinquency petition was a shooting incident in the area of North Havre, commonly known as "Bum Jungle." The State alleged that four juveniles and one adult obtained a gun and shot Allen Wayne Fust while they were driving in the "Bum Jungle" area. The shooting victim was treated for his wound, released from the hospital, and he has since disappeared and cannot be located. The adult was charged as an adult offender with the crime of aggravated assault. The youths were charged as juvenile offenders on a charge that they conspired to commit an aggravated assault on Fust. At the time of the incident, one of the juveniles was 16 years old, one was 15, and two were 14.

The State filed the petition on June 16, served the youths on June 17, and a hearing date was set for June 27, well within the 15 day hearing requirement. The hearing did not take place on this date.

Five days before the scheduled June 27 hearing, an order issued continuing the hearing date and setting the new hearing date for July 6, the effect of which triggered application of subsection 2 of the statute. How this order happened to be issued is in dispute. At a later hearing on the youths' motion to dismiss, the youths maintained that the county attorney asked for the continuance, but the county attorney steadfastly maintained that he had asked for no continuance. The only thing that is certain is that the youths did not ask for this continuance.

The July 6 hearing also failed to take place. On July 6, the trial court ordered the hearing date continued and did not set another hearing date. For almost a month after this

order, the State did nothing. On August 2, the State, apparently concerned that a hearing on the juvenile petition had not been set, requested the trial court to set a new hearing date. The court ordered that the hearing would take place on August 5. The juveniles, however, after receiving notice of this hearing date, immediately filed motions to dismiss the juvenile petition on the ground that the 15 day time limit under section 41-5-516(1), MCA, had not been satisfied and that the conditions for a continuance as provided for in subsection 2 also had not been satisfied.

At the August 5 hearing on the motion to dismiss, the State strenuously argued that it had not asked for either continuance. The record is silent on this question. At the conclusion of the hearing, the trial court gave the State three days to file a brief on its claim that section 41-5-516(2) gave the court discretion in determining whether or not to dismiss a juvenile petition because of a failure to comply with the 15 day hearing requirement. The appeal record does not reveal whether the State did file a brief.

On August 15, the trial court in a written order explaining its decision, dismissed the petition with prejudice. The court noted that it could not be determined whether or not the State had requested the first continuance, but that the second continuance was granted at the request of the State. The trial court noted that "the trail of continuances is not well marked as to their grounds . . ." but noted that

> ". . . there is nothing in the record to show the continuances were in the interests of justice or that consideration was had in the light of diligence shown on the part of the movant, be it state or court." (Emphasis added.)

The court then concluded that

> ". . . while it can be argued there is a presumption the continuances ordered were sufficiently grounded, the Court is of the opinion that the record should express support for the orders." (Emphasis added.)

Based on these considerations, the trial court concluded that the spirit if not the letter of section 41-5-516, required a dismissal with prejudice.

The State presents a sliding scale argument as to whether there has been compliance with the mandate of sections 41-5-516(1) and (2). If the underlying facts leading to the filing of the juvenile petition are relatively harmless, the State concedes the discretion of the trial court to dismiss the petition because of noncompliance with the statutory mandate. But if the underlying facts indicate a serious transgression, such as the case here, the State in effect argues that the trial court has no discretion to dismiss a petition, and therefore that a dismissal is an automatic abuse of discretion. The State, however, fails to distinguish the discretionary powers of a court to grant a continuance based on compliance with the statutory mandate and the duty of the trial court to enforce the mandate of the statute where the mandate has not been fulfilled. If the grounds for a continuance do not meet the statutory requirements, the trial court has only one choice--to dismiss the petition. That is the situation here.

As to the first continuance, the record fails to indicate whether the State requested the first continuance or whether the trial court, acting on its own, ordered the continuance. Whatever the case, however, the continuance was ordered for unknown reasons and can hardly be said to meet the "interests of justice" and due "diligence" requirements

of subsection 2. This continuance, ordered without compliance with the statute, placed the hearing date beyond the 15 day limit. This, by itself, was sufficient ground for dismissal of the juvenile petition.

This noncompliance was continued and amplified when the second continuance was ordered. Although the State also denied that it had requested the second continuance and insisted that it was ordered by the Court acting without request from counsel, the trial court determined that the State had requested and obtained the second continuance. It does appear, by an after-the-fact investigation, that at the time the second continuance order was issued, the trial court was presiding over and the prosecutor was trying a DUI case. Whether it was the trial court acting sua sponte or whether it was the trial court acting pursuant to a request from the State, the fact remains that the continuance was granted with no reasons stated in the record for the continuance. We are left to speculate on the circumstances leading to the continuance order.

We cannot ignore the fact that after the second continuance was ordered, almost a month went by before the State requested the court to set another hearing date on the juvenile petition. The State was on notice of the mandatory hearing deadlines of the statute and the statutory requirements for extending the hearing date beyond the 15 day limit. Even assuming that the trial court also ordered the second continuance acting sua sponte, the failure of the State to request a hearing for almost a month after this order was issued fails to demonstrate a reasonable attempt to comply with the hearing mandate of the juvenile statute.

The District Court's dismissal of the juvenile petition
is affirmed.

_____
                Justice

We Concur:

_____

_____

_____

_____
                Justices